IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:07cv828-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 18, 2007, Defendant filed a Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (2000) (Doc. #12). Defendant's motion asks the Court to remand this case for further proceedings because the Appeals Council of the Social Security Administration could not locate the tape recording of Plaintiff's oral hearing held on April 12, 2005. Def.'s Mem. in Supp. Mot. to Remand (Doc. #13) at 1. The Commissioner states that the Appeals Council intends to continue to search for the missing tape. If the search is successful, the Appeals Council intends to prepare the administrative record. But, if it is not, the Appeals Council intends to remand the claim to an administrate law judge for reconstruction of the administrative record, another hearing, and a new decision. Id. at 1-2. Plaintiff, Deborah Henderson (Henderson), does not oppose the motion for remand. Plf.'s Response to Def.'s Mot. to Remand (Doc. #15).

Sentence six of 42 U.S.C. § 405(g) authorizes the Court to remand a case to the Commissioner for further action if the Commissioner files a motion to remand for good

cause before filing an answer. 42 U.S.C. § 405(g). Here, the Commissioner voluntarily filed a motion for remand (Doc. #12), but has not yet filed his Answer. The only remaining issue is whether the Commissioner has demonstrated good cause.

The Joint Conference Committee of Congress, in reporting upon the Social Security Disability Amendments of 1980, set forth examples of what may constitute "good cause" for remand:

> Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record. . . .

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980); see also Gamble v. Apfel, 2001 WL 102344 at *1 (S. D. Ala. Jan. 5, 2001).

The Commissioner concedes the tape recording of Henderson's oral hearing is lost. Accordingly, the Court finds Defendant has shown good cause for this matter to be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g). It is therefore

ORDERED that:

A.  Defendant's Motion to Remand (Doc. #12) is GRANTED.

B.  This case is REMANDED for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), and for the reasons set forth in Defendant's Motion

for Remand and its Memorandum in Support of that motion (Doc. #12, #13).[1]

Done this 7th day of January, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court observes that with entry of this sentence six remand, it "does not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). Thus, under sentence six, a "remand is not a final judgment under the [Equal Access to Justice Act (EAJA)], and the window for filing an EAJA application does not open until judgment is entered in the district court following completion of the remand proceedings." Jackson v. Chater, 99 F.3d 1086, 1095 (11th Cir. 1996).

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).