IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:07cv828-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 18, 2007, Defendant filed a Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (2000) (Doc. #12). Defendant's motion asks the Court to remand this case for further proceedings because the Appeals Council of the Social Security Administration could not locate the tape recording of Plaintiff's oral hearing held on April 12, 2005. Def.'s Mem. in Supp. Mot. to Remand (Doc. #13) at 1. The Commissioner states that the Appeals Council intends to continue to search for the missing tape. If the search is successful, the Appeals Council intends to prepare the administrative record. But, if it is not, the Appeals Council intends to remand the claim to an administrate law judge for reconstruction of the administrative record, another hearing, and a new decision. Id. at 1-2. Plaintiff, Deborah Henderson (Henderson), does not oppose the motion for remand. Plf.'s Response to Def.'s Mot. to Remand (Doc. #15).

Sentence six of 42 U.S.C. § 405(g) authorizes the Court to remand a case to the Commissioner for further action if the Commissioner files a motion to remand for good

cause before filing an answer. 42 U.S.C. § 405(g). Here, the Commissioner voluntarily filed a motion for remand (Doc. #12), but has not yet filed his Answer. The only remaining issue is whether the Commissioner has demonstrated good cause.

The Joint Conference Committee of Congress, in reporting upon the Social Security Disability Amendments of 1980, set forth examples of what may constitute "good cause" for remand:

> Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record. . . .

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980); see also Gamble v. Apfel, 2001 WL 102344 at *1 (S. D. Ala. Jan. 5, 2001).

The Commissioner concedes the tape recording of Henderson's oral hearing is lost. Accordingly, the Court finds Defendant has shown good cause for this matter to be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g). It is therefore

ORDERED that:

A. Defendant's Motion to Remand (Doc. #12) is GRANTED.

B. This case is REMANDED for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), and for the reasons set forth in Defendant's Motion

for Remand and its Memorandum in Support of that motion (Doc. #12, #13).[1]

Done this 7th day of January, 2008.

>/s/ Wallace Capel, Jr.
>WALLACE CAPEL, JR.
>UNITED STATES MAGISTRATE JUDGE

---

[1] The Court observes that with entry of this sentence six remand, it "does not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).  Thus, under sentence six, a "remand is not a final judgment under the [Equal Access to Justice Act (EAJA)], and the window for filing an EAJA application does not open until judgment is entered in the district court following completion of the remand proceedings." Jackson v. Chater, 99 F.3d 1086, 1095 (11th Cir. 1996).