IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:07cv828-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

On 24 June 2008, Defendants filed a Motion to Reopen the Case (Doc. #18). This case had been closed following a sentence six of 42 U.S.C. §§ 405(g) (2000) remand, based on a missing file and tape recording of Plaintiff's oral hearing held 12 April 2005. (Doc. #16). Defendant states the missing file has been located and an administrative transcript has been prepared. Accordingly, it is

ORDERED the Motion (Doc. #18) is GRANTED. It is further,

ORDERED as follows:

1. Within 40 days after Defendant has filed his answer and served Plaintiff with the administrative record, Plaintiff shall file a brief in support of his or her claim(s) for relief. Plaintiff shall serve copies of his/ her brief upon the United States Attorney's Office and upon Chief Counsel, Office of General Counsel, Social Security Administration, 601 East 12th Street, Room 535, Kansas City, Missouri 64106.

2. Within 30 days after Plaintiff's brief is filed, Defendant shall file a reply brief

and file with the court a complete copy of the administrative record. Defendant is specifically DIRECTED to address **all of the contentions and arguments** made by the claimant in the same order in which the plaintiff has made them in his or her brief.

3. The briefs shall not exceed **a total of 15** pages, except as approved by the Court upon motion. **Any motion to exceed the court's page limit shall be filed no later than one week before the deadline for the submission of the brief.** No extensions of time for filing briefs shall be allowed absent a showing of good cause. If a party desires an extension of time within which to respond, the moving party is specifically DIRECTED to file a motion for extension before the date upon which the brief or response is due. ***See Hill v. Dekalb Regional Youth Detention Center***, 40 F.3d 1176 (11th Cir. 1994). Unless oral argument is deemed necessary by the court, this case shall be deemed submitted as of the date on which the defendant's reply brief is filed.

4. Plaintiff's brief shall contain a section titled "Statement of the Issues." In this section **in numbered paragraphs**, Plaintiff shall state in a **concise, specific[1] manner** each issue which Plaintiff presents to the court for resolution. Issues not presented in the Statement of the Issues will not be considered. Defendant's reply brief will address with specificity each issue raised by Plaintiff in a manner consistent with the issues as raised in the numbered paragraphs contained in the Statement of Issues.

5. Claims or contentions by Plaintiff alleging deficiencies in the ALJ's

---

[1] Thus, general statements of issues such as "the ALJ's decision is not supported by substantial evidence" will not be considered by the court.

consideration of claims or alleging mistaken conclusions of fact or law and contentions or arguments by the Commissioner supporting the ALJ's conclusions of fact or law **must include a specific reference, by page number, to the portion of the record** which (recites the ALJ's consideration or conclusion and (2) which supports the party's claims, contentions or arguments.

6. Either party may request oral argument in appropriate cases at the time the party's brief is filed.

7. Upon entry of the final order, the United States Attorney shall forward a copy of the order to the Administrative Law Judge who decided the case.

Done this 30th day of June, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE